# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*Harris County*, 20-cv-02296-CMR | |

## JOINT STIPULATION

WHEREAS, Plaintiff Harris County filed a complaint on March 1, 2020, in the action *Harris County v. Teva Pharmaceuticals USA, Inc. et al.*, Case No. 20-cv-00733, in the Southern District of Texas (the "Action"), against various Defendants including Endo Health Solutions Inc., Endo International plc, Endo Pharmaceuticals Inc., Par Pharmaceutical Companies, Inc., and Par Pharmaceutical, Inc. (collectively, the "Endo/Par Defendants," and together with Harris County, the "Parties");

WHEREAS, the Action was transferred by the United States Judicial Panel on Multidistrict Litigation on April 7, 2020 to the Eastern District of Pennsylvania, assigned Case No. 20-cv-02296-CMR, and centralized for pretrial proceedings as part of *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-2724-CMR, MDL No. 2724;

WHEREAS, Plaintiff filed a First Amended Complaint on May 15, 2020, in Case No. 20-cv-02296-CMR, against various Defendants including the Endo/Par Defendants;

WHEREAS, the Endo/Par Defendants deny Plaintiff's allegations;

WHEREAS, Plaintiff continues to investigate potential collusive conduct as alleged in the First Amended Complaint, including whether Endo Health Solutions Inc., Endo International

1

plc, Endo Pharmaceuticals Inc., and Par Pharmaceutical Companies, Inc. participated in or are responsible for any collusive conduct alleged in the First Amended Complaint, but Plaintiff is willing to take additional time to determine whether such claims should be asserted against those entities;

WHEREAS, counsel for the Endo/Par Defendants has represented that Par Pharmaceutical, Inc. is the proper entity to be named in the Action;

WHEREAS, the Parties have agreed to suspend and toll as of the date of the filing of the Action (March 1, 2020) any and all applicable limitations, laches, or repose periods that may apply to Endo Health Solutions Inc., Endo International plc, Endo Pharmaceuticals Inc., and Par Pharmaceutical Companies, Inc. with respect to the Action (the "Limitations Period");

WHEREAS, with such protection against the statute of limitations and related principles, Plaintiff shall move forward at this time only with respect to its claims against Par Pharmaceutical, Inc., and it will dismiss without prejudice its claims in the Action against Endo Health Solutions Inc., Endo International plc, Endo Pharmaceuticals Inc., and Par Pharmaceutical Companies, Inc.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, as follows:

1. All Limitations Periods, including statutes of limitations, statutes of repose and laches that had not expired as of March 1, 2020 are hereby suspended, stayed, or tolled, with respect to the claims set forth in the First Amended Complaint against Endo Health Solutions Inc., Endo International plc, Endo Pharmaceuticals Inc., and Par Pharmaceutical Companies, Inc. Unless this Stipulation is extended by further agreement of the Parties, such tolling shall run from March 1, 2020 through the earlier of: (i) the deadline established by the MDL 2724

Court for Plaintiff to further amend its First Amended Complaint, or (ii) July 1, 2022 (the "Tolling Period").

2. All claims against Endo Health Solutions Inc., Endo International plc, Endo Pharmaceuticals Inc., and Par Pharmaceutical Companies, Inc. are hereby dismissed without prejudice.

3. For purposes of the Action, Par Pharmaceutical, Inc. represents that it has possession, custody, or control of all existing documents and information related to the sale or marketing of generic medications in the United States by any of the Endo/Par Defendants.

4. Nothing in this Stipulation shall prevent any Party from commencing any civil action, arbitration, or proceeding against any other Party.

5. Other than as expressly provided, nothing in this Stipulation shall affect any claim or defense available to the Parties (including jurisdictional defenses), and this Stipulation shall not be deemed to revive any claim that is or was already barred as March 1, 2020. Nothing in this Stipulation, or the circumstances giving rise to the Stipulation, shall be construed as an acknowledgment by the Parties that a claim has or has not been barred by any applicable Limitations Period or any other defense, legal, equitable or otherwise, based upon the lapse or passage of time prior to execution of the Stipulation, or after the expiration of the Tolling Period. The Parties to this Stipulation hereby expressly reserve any and all claims, counterclaims, causes of action and defenses to the same which they may have, except as indicated above with respect to a defense based on any applicable Limitations Period. The Parties to this Stipulation hereby expressly reserve any and all rights with respect to party or third-party discovery in the Action.

6. The Parties agree that the doctrine of *contra proferentum* shall not apply and that this Stipulation shall not be construed against the Party that drafted it.

7. The Parties further agree that nothing contained in this Stipulation shall be considered, construed or deemed an admission of liability, fault or other wrongdoing by any Party, or an attempt to allocate liability or fault.

8. This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors, assigns, affiliates, parents, subsidiaries, officers, directors, agents and other representatives.

9. This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to its choice of law rules.

10. Each of the undersigned represents and warrants he or she is duly authorized to enter into this Stipulation and that each intends the Stipulation to be a valid and binding obligation, enforceable in accordance with its terms.

11. This Stipulation may be executed in multiple counterparts, and an electronically scanned (in either .pdf or .tiff format) signature will be considered an original signature for purposes of execution of this Stipulation. Each counterpart shall be deemed to be an original as against a Party whose signature appears thereon and all of which shall together constitute one and the same instrument.

12. This Stipulation contains the entire agreement of the Parties with respect to the issue of tolling any applicable Limitations Period.

13. Any amendment to this Stipulation (including any extension of this Stipulation or any Tolling Period) shall be invalid unless in writing, referencing this agreement, and signed by or on behalf of all Parties to which the amendment applies.

14. If any provision, covenant, condition or term of this Stipulation shall be held to be invalid or unenforceable, in whole or in part, such invalidity or unenforceability shall not affect

the remainder of this Stipulation. The invalid or unenforceable provision, covenant, condition or term shall be substituted by a provision, covenant, condition or term which, according to the Parties' intention, achieves to the nearest extent possible the same effect as would have been achieved by the invalid provision, covenant, condition or term.

    IT IS SO STIPULATED.

Dated: July 6, 2020

| **OFFICE OF HARRIS COUNTY ATTORNEY, VINCE RYAN** | **LAW OFFICE OF RICHARD SCHECHTER, P.C.** |
|---|---|
| */s/ Vince Ryan* | */s/ Richard Schechter* |
| Vince Ryan | Richard Schechter |
| Harris County Attorney | 1 Greenway Plaza, Suite 740 |
| Robert Soard | Houston TX 77046-0102 |
| First Assistant Harris County Attorney | Telephone: 713-623-8919 |
| Terence L. O'Rourke | Facsimile: 713-622-1680 |
| Special Assistant Harris County Attorney | richard@rs-law.com |
| Pegi S. Block | |
| Assistant Harris County Attorney | **THE CICALA LAW FIRM PLLC** |
| Suzanne Bradley | |
| Assistant Harris County Attorney | */s/ Joanne Cicala* |
| 1019 Congress, 15th Floor | Joanne Cicala |
| Houston, Texas 77002 | Joshua T. Wackerly |
| Telephone: (713) 274-5121 | 101 College Street |
| Facsimile: (713) 437-4211 | Dripping Springs, Texas 78620 |
| Vince.Ryan@cao.hctx.net | Telephone: (512) 275-6550 |
| Robert.Soard@cao.hctx.net | Facsimile: (512) 858-1801 |
| Terence.ORourke@cao.hctx.net | joanne@cicalapllc.com |
| Pegi.Block@cao.hctx.net | josh@cicalapllc.com |
| Suzanne.Bradley@cao.hctx.net | |

5

**BAKER • WOTRING LLP**

*/s/ Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
Earnest W. Wotring
John Muir
David George
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Facsimile: (713) 980-1701
dbaker@bakerwotring.com
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

*Attorneys for Plaintiff*


**WILLIAMS & CONNOLLY LLP**

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Kirkpatrick
725 Twelfth St., NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5329
jschmidtlein@wc.com

*Attorneys for the Endo/Par Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, the foregoing Joint Stipulation was served on all counsel of record via ECF.  Pursuant to Local Rule 5.1.2(8)(b), I further certify that the foregoing document is available for viewing and downloading on ECF.

> */s/ John E. Schmidtlein*
> John E. Schmidtlein